**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**Civil Action No. 3:00-1705**
(Kane, J., & Durkin, M.J.)

HERMAN SWIFT,
Plaintiff,

v.

MARTIN HORN, et al.,
Defendants.

FILED
SCRANTON

NOV 03 2000

PER _____
DEPUTY CLERK

## OBJECTION TO REPORT AND RECOMMENDATION

TO THE HONORABLE YVETTE KANE, JUDGE OF THE SAID COURT:

**COMES NOW**, Herman Swift, the Pro Se Plaintiff of the above-captioned matter, and respectfully represents the following:

1. On October 24, 2000, the Clerk of Court filed the Honorable Raymond J. Durkin, United States Magistrate Judge's Report and Recommendation (issued October 23, 2000) in the instant case. And, the below discussion represents plaintiff's objections thereto.

2. While the Magistrate Judge is partially correct and accurate in his recital of the factual basis of the instant civil rights complaint. See, Report and Recommendation (Report) at pages 1-3. Nonetheless, the magistrate judge's report is incorrect and inaccurate where, it is reported:

> "[W]ith the exception of naming defendant Horn, Varner, Burnett, Regulski. Ginocchetti, Stanish, Putman and Bitner in the caption of the complaint, the plaintiff has failed to set forth any allegations against these defendants which would indicate that they were personally involved in any alleged violation of his constitutional rights. Thus, these defendants should be dismissed from this action for the plaintiff's failure to state a claim against them upon which relief may be granted."

See, Report at pages 4-5.

- 1 -

What the magistrate judge either overlooked or, misapprehended is: while the plaintiff reserved the right to file an amended complaint (Doc. No. 1, p. 2), those named defendants, who are charged with the duty and responsibility to assure that prisoners under their ward have available, adequate and sufficient medical care. On various occasions while this plaintiff was (and still is) suffering "the lack of corrective surgery or, proper post-surgery care and treatment," those defendants knowingly and deliberately ignored pertinent facts plaintiff provided them with showing that because, the so-called surgery given plaintiff on April 25, 2000, was not properly done, he is experiencing the type of pain that prevents him from resting/sleeping confortably; in addition, it threatens to unduly cause plaintiff to suffer permanent and, irreparable physical harm (where he will never regain use of his hand and wrist).

And, as a result, plaintiff was subjected to undue pain and sufferance. Each of the defendants named by the magistrate judge, when they were made aware of the pain plaintiff was suffering, they "willfully and deliberately denied plaintiff of a remedy or, defendants failed in this official duty to avail plaintiff to another medical facility to correct his wrongful surgery." See, Doc. 1, p. 4)

3. The declaratory and, injunctive judgmental relief sought by this plaintiff is aimed at "corrective surgery' in order to repair his wrist and hand." Id.

4. On the other hand, the magistrate judge's report is misleading where it gives the impression that, plaintiff's "serious

- 2 -

medical need" is no longer viable. Plaintiff is currently being deprived of "corrective surgery" which, although medical professionals agree <u>must</u> be done, is being prolonged. The inordinate delay in correcting plaintiff's "wrongful surgery" not only causes plaintiff to suffer undue pain and sufferance, it also threatens to render his wrist and hand permanently inoperative. Due to the fact he is a prisoners and, the defendants refuse to press a meritorious grievance that validates he received what was tantamount to "no treatment" but in reality the inflicting of pain. These facts are far different than the magistrate judge's conclusion that plaintiff is merely seeking a "second guess medical judgment, and that plaintiff's complaint does not make out a cognizable civil rights complaint. In his report at page 6, the magistrate judge erroneously mischaracterizes plaintiff's complaint altogether:

> "Here, it cannot be said that any of defendants were deliberately indifferent to the plaintiff's medical needs. According to the plaintiff's own allegations, he was treated on numerous occasions by both prison medical staff and outside physicians for his condition. It would appear then that the plaintiff is simply disagreeing with the course of treatment he received. As such, the plaintiff has failed to sufficiently set forth an Eight Amendment claim." Id.

5. The <u>Estelle</u> Court made clear that intentional delays in providing medical care may also constitute deliberate indifference. <u>Estelle</u>, 429 U.S. at 104-105. The case <u>sub judice</u> is not a matter of an "inadvertent delay," the failure to avail plaintiff to "corrective surgery" (to repair damage and reduce pain) is caused by defendants motive of "covering up" the fact that, plaintiff was in fact subjected to cruel and unusual sufferance by the very

- 3 -

hands of those that are charged with treating his injuries and, to relieve his sufferance.

Where a prisoner has received medical attention of some kind (as distinguished from a complete denial of medical care), the courts are generally reluctant to find an Eighth Amendment violation. **However,** in some rare cases, as in the instant matter, the medical treatment provided may be so woefully inadequate as to constitute no treatment at all, thereby rising to the level of deliberate indifference. See, West v. Keve, 571 F.2d 158, 162 (3rd Cir. 1978)(although prisoner was provided with aspirin after legal operation, **"this may not constitute adequate medical care");** Sturts v. City of Phila., 529 F. Supp. 434, 438 (E.D. Pa. 1982)(collecting cases). For example, in Mandel v. Doe, 888 F.2d 783 (11th Cir. 1989) a prisoner sustained a fractured hip joint when he jumped off a pick-up truck. id. at 785. Despite repeated requests from the prisoner and his family for access to a physician and x-rays, the prison's medical assistant prescribed only Motrin and five days of bedrest. id. at 787. **"When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference."** id. at 789. See also, Robinson v. Moreland, 655 F.2d 887 (8th Cir. 1981)(providing ice pack for broken hand deliberate indifference).

Thus, the standard enunciated in Estelle, is two-pronged. It requires deliberate indifference on the part of prison officials (the subjected component) and it requires the prisoner's medical needs to be serious (the objective component). West v. Keve, 571 F.2d 158, 161 (3rd Cir. 1978). Here, while plaintiff satisfied both components, he also adds that, defendants Burnett, Horn, Varner

- 4 -

and Bitner considered plaintiff's grievance as "untimely" was done in a conspiratorial manner to disallow plaintiff any remedy within the Pennsylvania Department of Corrections under DC-ADM 804. Certainly, plaintiff was complaining about a broken wrist and hand. Robinson v. Moreland, 655 F.2d 887 (6th Cir. 1981)(broken hand serious medical need). They therefore are guilty of disabling plaintiff from correcting wrongful surgery that not only inflicted greater pain and suffering than the original cause for the injury, but, also acted to prevent plaintiff from have any remedy to repair his wrist and hand.

WHEREFORE, because plaintiff does need to amend his complaint to detail how he notified each defendant of his serious medical need, he requires discoverable material to demonstrate how each defendant wrongfully responded and, in doing so deviated from their respective duties and responsibility to prevent plaintiff from suffering the mistreatment and, pain complained about. Notwithstanding, for the foregoing reasons, this court should reject the report and recommendation -- appoint counsel to represent plaintiff and allow this matter to proceed under 42 U.S.C. §1983.

Dated: November 1st 2000

Respectfully submitted,

Herman Swift,
Pro Se Plaintiff

- 5 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**Civil Action No. 3:00-1705**
(Kane, J., & Durkin, M.J.)

HERMAN SWIFT,
Plaintiff,

v.

MARTIN HORN, et al.,
Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 1st day of November, 2000 a true and correct copy of the attached OBJECTION TO REPORT AND RECOMMENDATION was duly served on the persons listed below by plaintiff depositing in the U.S. Mail Box on B-Block SCI-Dallas, prepaid postage and addressed to:

| | |
|---|---|
| Hon. Raymond J. Durkin<br>U.S District Court<br>235 N. Washington Avenue<br>P.O. Box 1148<br><br>Dr. Mechael Raklewicz<br>390 Pierce Street<br>Kingston, PA   18704 | D. Michael Fisher, Esquire<br>Attorney General's Office<br>15th Floor, Strawberry Square<br>Harrisburg,   PA   17120<br>(Counsel for Defendants:<br>Horn, Varner, Burnett,Regulski<br>Ginocchetti, Stanish, Putman<br>and, Bitner) |

By:_____
    Herman Swift,    CE-8598
    SCI-Dallas
    1000 Follies Road
    Dallas,   PA    18612

- 6 -